IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

FILED

2005 JUN 30  PM 4:20

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>EQUITAS, LP,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MISC· 05-00028

Civ. Action No. **3 05- 0518**

JUDGE TRAUGER

## COMPLAINT

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1.    This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, D.C., 20416. The defendant has stipulated and consented to the entry of the requested relief in this civil action.

2    Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345

FILED

DISTRICT COURT OF GUAM

AUG 2 2 2005

MARY L.M. MORAN
CLERK OF COURT

3.    Defendant, Equitas, LP (hereinafter "Equitas") is a Delaware limited partnership that maintains its principal office and/or principal place of business at 2000 Glen Echo Road, Suite 101, Nashville, Tennessee 37215. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

4.    Equitas was licensed by SBA as a small business investment company ("SBIC" or "Licensee"), SBA License No. 04/04-0259, under Section 301(c) of the Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5.    Equitas's general partner is Tennessee Business Investments, Inc. whose principal place of business is located at 2000 Glen Echo Road, Suite 101, Nashville, Tennessee 37215.

6     Section 308(c) of the Act, 15 U.S.C. § 687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations")

7.    Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee may be forfeited and the company may be declared dissolved.

8     Section 311 of the Act, 15 U.S.C. § 687c, provides that, whenever in the judgment of SBA, a Licensee, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any

2

Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and shall grant permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court may also appoint SBA to act as receiver for such Licensee

9.    In accordance with Section 303 of the Act, 15 U.S.C. §683b, SBA provided leverage to Equitas through the purchase of the following debentures totaling $7,900,000:

| Loan Number | Amount | Maturity Date | Interest Rate |
|---|---|---|---|
| 04636800-01 | $2,000,000 | 09/01/04 | 8 20% |
| 04638351-09 | $2,900,000 | 12/01/05 | 6 54% |
| 04651451-07 | $3,000,000 | 03/01/08 | 7 32% |

(hereinafter referred to collectively as the "Debentures")

10.    In May, 2001, Equitas was placed into liquidation status as a consequence of its regulatory violation of failing to maintain an acceptable capital impairment percentage, as that term is defined in the Regulations at 13 C.F.R. §1830 (2001)

11    By Loan Agreement dated May 8, 2002, SBA and Equitas agreed to restructure the Debentures.

12    In consideration for the restructuring, Equitas executed a Secured Note in the principal amount of $7,375,116.38, carrying an interest rate of 7.35% (hereinafter "the Indebtedness") The Note provides that Equitas must pay principal and interest on the Indebtedness pursuant to the Loan Agreement.

3

13      As further consideration for the restructuring, Equitas executed a consent order and judgment which provides, among other things, for the appointment of SBA as the permanent, liquidating receiver of Equitas

14.     Pursuant to Paragraph 3 of the Loan Agreement, the Indebtedness has a term of thirty six months from May 8, 2002. Therefore, the Indebtedness matured and was due in full on May 8, 2005

15      Equitas has failed to pay the full amount of the Indebtedness in the time required under the Loan Agreement and Secured Note. As of June 6, 2005, there remains an outstanding balance of $6,780,926.00 due on the Indebtedness.

## COUNT ONE
## BREACH OF PROMISSORY NOTE

16      Plaintiff re-alleges and reincorporates paragraphs 1 through 15 as though fully set forth herein

17.     By executing the Loan Agreement and Secured Note, Equitas promised to pay SBA the total amount of the Indebtedness, comprised of $7,375,116.38, plus interest, on or before May 8, 2005.

18      As of June 6, 2005, there remains an outstanding balance of $6,780,926.00 on the Indebtedness, inclusive of principal and interest, due SBA from Equitas.

19.     To date, Equitas has failed to pay SBA the full amount due under the Indebtedness and is in default of the Loan Agreement and Secured Note, which has now matured

20.     As a consequence of Equitas's failure to pay the Indebtedness when due an din accordance with the Loan Agreement and Secured Note, SBA has suffered, and

4

continues to suffer, damages in the amount of $6,691,986.00 in principal and accrued interest of $121,280.44 through June 30, 2005 with a *per diem* interest of $1,347.56.

**WHEREFORE**, Plaintiff prays as follows:

A.      That this Court approve and enter the Consent Order filed simultaneously herewith;

B.      That injunctive relief, both preliminary and permanent in nature, be granted restraining Equitas, its partners, managers, officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursements of Equitas's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any or all funds or assets of Equitas, wherever located; or (3) further violating the Act or the Regulations promulgated thereunder.

C.      That this Court take exclusive jurisdiction of Equitas, and all of its assets, wherever located, appoint SBA as permanent receiver of Equitas for the purpose of liquidating all of Equitas's assets and satisfying the claims of its legitimate creditors therefrom in the order of priority as determined by this Court, and pursuing causes of action available to Equitas, as appropriate.

D.      That this Court enter judgment against Equitas and in favor of SBA in the amount of $6,691,986.00 in principal and accrued interest of $121,280.44 through June 30, 2005 with a *per diem* interest of $1347.56 through the date of judgment and post judgment interest therefrom

E.      That this Court order that Equitas's license to operate as an SBIC shall be revoked upon the wind-up and conclusion of the receivership thereof.

5

F       That this Court grant such other and further relief as may be deemed just

and proper.

Respectfully submitted,

JAMES K. VINES
UNITED STATES ATTORNEY

Dated: _6/30/05_

MICHAEL L. RODEN
Deputy Chief, Civil Division
United States Attorney's Office
110 9th Avenue North
Suite A-961
Nashville, TN 37203
(615) 736-5151

Dated: _6/30/05_

ARLENE M. EMBREY, Esq.        *, by MLR*
Trial Attorney                *with*
U.S. Small Business Administration   *Permission*
409 3rd Street, SW
7th Floor
Washington, D.C. 20416
(202) 205-6976

6